UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| WILLIAM HAYNESWORTH, | § | |
| Plaintiff, | § | |
| | § | |
| VS. | § | CIVIL ACTION NO. 4:26-CV-00252 |
| | § | |
| USAA FEDERAL SAVINGS BANK, | § | |
| Defendant. | § | |

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiff William Haynesworth's Motion for Temporary Restraining Order (Dkt. 6). After careful consideration of the briefing, the record, and the applicable law, the Court **DENIES** the Motion (Dkt. 6).

## BACKGROUND

Plaintiff William Haynesworth ("Haynesworth") seeks a Temporary Restraining Order ("TRO") to enjoin Defendant from "initiating, continuing, or completing any foreclosure or enforcement action related to the subject mortgage loan, pending resolution of this action." (Dkt. 6 at p. 1). Defendant is the "original lender and original servicer" of Haynesworth's mortgage loan. (*Id*. at p. 2). Haynesworth "sent formal notices of dispute and demands for verification and validation," to which Defendant did not respond. *Id*. Haynesworth's home is "now subject to pre-foreclosure activity by a new servicer, relying on an alleged debt whose existence, balance, and enforceability remain unverified by the original lender." (*Id*. at pp. 2 – 3).

## LEGAL STANDARD

1 / 4

The purpose of a preliminary injunction is to preserve the status quo and prevent irreparable harm until the respective rights of the parties can be ascertained during a trial on the merits. *City of Dallas v. Delta Air Lines, Inc.*, 847 F.3d 279, 285 (5th Cir. 2017). In the Fifth Circuit, the following well-established framework generally governs the determination of whether to grant a preliminary injunction:

> To be entitled to a preliminary injunction, the movant must satisfy each of the following equitable factors: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury; (3) the threatened injury to the movant outweighs the threatened harm to the party sought to be enjoined; and (4) granting the injunctive relief will not disserve the public interest. Because a preliminary injunction is an extraordinary remedy, it should not be granted unless the movant has clearly carried the burden of persuasion on all four requirements. Failure to sufficiently establish any one of the four factors requires this Court to deny the movant's request for a preliminary injunction.
> *Id*.

In presiding over a preliminary injunction hearing, a district court may "give even inadmissible evidence some weight when it is thought advisable to do so in order to serve the primary purpose of preventing irreparable harm before a trial can be held[.]" *Federal Savings & Loan Insurance Corp. v. Dixon*, 835 F.2d 554, 558 (5th Cir. 1987) (quoting 11 C. Wright & A. Miller, *Federal Practice & Procedure* § 2949 at 471). In particular, "[a]ffidavits and other hearsay materials are often received in preliminary injunction proceedings. The dispositive question is not their classification as hearsay but whether, weighing all the attendant factors, including the need for expedition, this type of evidence was appropriate given the character and objectives of the injunctive proceeding." *Dixon*,

835 F.2d at 558 (quoting *Asseo v. Pan American Grain Co., Inc.*, 805 F.2d 23, 26 (1st Cir. 1986)).

## ANALYSIS

Based on the evidence in the record, the Court concludes that Haynesworth has not clearly carried the burden of persuasion on the four preliminary injunction factors. Among other things, Haynesworth has not established a substantial likelihood of success on the merits of his claims.

Haynesworth argues that "[u]nder basic principles of equity, contract law, and due process, a party seeking to enforce an obligation must first establish its existence and amount." (Dkt. 6 at p. 4). He does not cite to any particular law to support this argument. *See id*. Defendant's "silence in the face of sworn presentment, followed by an affidavit of non-response," according to Haynesworth, "supports declaratory relief that the alleged debt is unenforceable until verified, and potentially void for failure of disclosure and accounting." *Id*. This is the entirety of Haynesworth's argument as to the merits of his claim.

The Court finds that this argument is insufficient to establish a substantial likelihood of success on the merits. Haynesworth's arguments are conclusory and he fails to support them with appropriate law.  Accordingly, Haynesworth has not established a likelihood of success on the merits of his claims sufficient to obtain a temporary restraining order.

## CONCLUSION

3 / 4

Haynesworth's Motion for Temporary Restraining Order (Dkt. 6) is respectfully **DENIED**.

Signed at Houston, Texas on March 3, 2026.

_____
GEORGE C. HANKS, JR
UNITED STATES DISTRICT JUDGE